## Commonwealth of Pennsylvania *v.* Equitable Gas Company, Appellant.

Argued September 11, 1984, before President Judge CRUMLISH, JR. and Judges ROGERS, WILLIAMS, JR., CRAIG, MACPHAIL, BARRY and COLINS.

*Ronald M. Katzman, Goldberg, Evans & Katzman, P.C.*, for appellant.

*Paul S. Roeder*, Deputy Attorney General, with him, *LeRoy S. Zimmerman*, Attorney General, for appellee.

OPINION BY JUDGE MACPHAIL, October 26, 1984:

Equitable Gas Company (Equitable) appeals here from an order of the Board of Finance and Revenue dated May 5, 1976, which affirmed the reassessment of a use tax deficiency against Equitable. The Board of Review determined that such taxes were due on the basis that the materials in question were not directly involved in the producing, rendering or delivering of the public utility service and, were not, therefore, excluded from taxation by Section 201(o)(4)(B)(iii) of the Tax Reform Code of 1971 (1971 Code), Act of March 4, 1971, P.L. 6, *as amended*, 72 P.S. 7201(o)(4)(B)(iii).[1]

---

[1] The relevant section of the 1971 Code was subsequently amended by Section 1 of the Act of December 9, 1980, P.L. 1136, which is not pertinent to this discussion.

Equitable contested a use tax assessment imposed by the Bureau of Sales and Use Tax of the Commonwealth, Department of Revenue (Commonwealth) for the period January 1, 1969, through May 31, 1973. Relief from that portion of the original assessment period prior to March 4, 1971,[2] was granted at the administrative level. The dispute in the instant case, therefore, involves the period beginning March 4, 1971, through May 31, 1973.

The parties have entered into a written stipulation of facts which we have accepted for the purposes of this appeal. They have stipulated, *inter alia*, that the use tax assessment which is the subject of the instant appeal involves Equitable's purchases and use of materials[3] used and consumed "in the construction, maintenance, repair and installation of gas pipelines and mains beneath the surface of roadways and in the repairing of the portions of the roadway surfaces as necessary incident to such work." Stipulation of Fact 4.

Additionally, the parties have stipulated that the gas pipelines and mains "constitute an integral part of the delivery and transmission system of Equitable and the pipelines and mains are used directly in Equitable's public utility operations of providing gas service to the public." Stipulation of Fact 6. Finally, the roads under which the gas pipelines and mains pass and which are repaved by Equitable are public ways.

---

[2] This was the date of the enactment of the 1971 Code. The Commonwealth contends that the amendments which the 1971 Code made to the prior act, the Tax Act of 1963 for Education, Act of March 6, 1956, P.L. (1955) 1228, *as amended*, 72 P.S. §§3403-1—3403-605 (1963 Tax Act) require that the materials in question be subject to the tax.

[3] The materials at issue include sand, slag and other fill materials, concrete and asphalt.

The basis for the administrative grant of relief for that portion of the original assessment prior to March 4, 1971, was this Court's decision in *Equitable Gas Co. v. Commonwealth,* 18 Pa. Commonwealth Ct. 418, 335 A.2d 892, *aff'd per curiam,* 464 Pa. 541, 347 A.2d 674 (1975), which determined that paving materials used and consumed by Equitable in repaving public roads pursuant to maintaining its gas pipelines and mains were excluded from the use tax levied by the 1963 Tax Act.[4]

The central issue in *Equitable* was whether the materials in question were directly used in producing, delivering or rendering a public utility service so that they would qualify to be excluded from the use tax. This Court held "that the completion of an excavation for the installation or repair of a gas pipeline, used to serve the public, including the resurfacing of a public road, is an essential and integral part of the pipeline operation necessary for the rendering of Equitable's public utility service." 18 Pa. Commonwealth Ct. at 423, 335 A.2d at 895. The Court further stated, "we must conclude that under the approach used by our Supreme Court in these [earlier] cases, the materials used in the instant case were directly used in the rendition of the public utility service." *Id.* at 424, 335 A.2d at 895.

The amendments to the 1963 Tax Act made by the 1971 Code obviously were not in response to this Court's decision in *Equitable,* several years later. Nor do we find that the amendments to the 1971 Code made by the Act of December 9, 1980, P.L. 1136, were as a response to the 1975 *Equitable* decision.

---

[4] The assessments in question in *Equitable* were for periods of time prior to the enactment of the 1971 Code. Therefore, although the 1971 Code was in effect at the time of the decision in *Equitable,* it was not considered by the Court in reaching a decision.

The Courts had an opportunity to consider the 1971 Code in *Commonwealth v. Ragnar Benson, Inc.*, 27 Pa. Commonwealth Ct. 226, 366 A.2d 596 (1976), *aff'd*, 482 Pa. 224, 393 A.2d 634 (1978). This Court summed up the pertinent amendments provided by the 1971 Code, stating

The descriptive phrase "which are directly" was added by the 1971 Code to further modify the phrase "used in such service." Also, the term "real estate" in the public utility exemption was further narrowed in the 1971 Code to exclude not only buildings but also "roads, foundations, or similar facilities."

27 Pa. Commonwealth Ct. at 231, 366 A.2d at 599.

This straightforward analysis of what the legislature did, is an analysis and nothing more. This Court's language does not construe the statute as exempting "roads, foundations, or similar facilities" from the exclusion and thereby rendering them subject to the use tax. In fact, the Court makes no attempt whatsoever to construe or interpret the amended definition of real estate. Indeed, the reason that Ragnar Benson, Inc., an engineering and construction firm, was required to pay use taxes was that "[t]he involved items consist of materials . . . *used in the construction of real estate*. They are subject to tax because they were not affixed to the real estate as required." 482 Pa. at 227, 393 A.2d at 636 (emphasis added). Clearly, the issue in *Ragnar Benson* was not the same as in the case *sub judice*.

Section 201(o) of the 1971 Code states in pertinent part

(4) [T]he term "use" shall not include . . .

(B) The use or consumption of tangible personal property . . . directly in any of the operations of—

(i) . . .

(ii) . . .

(iii)  The producing, delivering or rendering of a public utility service, or in construction, reconstructing, remodeling, repairing or maintaining the facilities *which are directly* used in such service, whether or not such facilities constitute real estate: Provided, however, "real estate" shall not include buildings, *roads, foundations or similar facilities;*

(iv) . . .

The exclusions provided in subparagraphs (i), (ii), (iii), and (iv) shall not apply . . . to materials or supplies to be used or consumed in any construction, reconstruction, remodeling, repair or maintenance of real estate *other than machinery, equipment or parts therefor that may be affixed to such real estate.* . . . (Emphasis added.)

The Emphasis added above highlights the amendatory language of the 1971 Code. We must determine, therefore, the effect of this language upon our decision in *Equitable.*

We hold that the public utility exclusion from use taxes granted by Section 201(o)(4)(B)(iii) of the 1971 Code is available without regard for whether the public utility service facilities in question are real estate.[5]  *"Exclusions* are items which are not intended

---

[5] We note that we have found no decisions of either this Court or our Supreme Court to the contrary. Section 1903 of the Statutory Construction Act of 1971, 1 Pa. C. S. §1903, provides that, "[w]ords and phrases shall be construed . . . according to their common and approved usage." The construction urged by the Commonwealth would have us determine that "whether or not such facilities constitute real estate" actually means "so long as such facilities constitute real estate," thereby exempting "buildings, roads, foundations or similar facilities," from the exclusion. We find that this is contrary to common sense and the rules of statutory construction.

to be taxed in the first place, and to the extent there is doubt about the meaning of the statutory language, such exclusionary provisions are to be construed against the taxing body," *Equitable,* 18 Pa. Commonwealth Ct. at 422, 335 A.2d at 894 (emphasis in original); furthermore, the taxpayer's burden of proving its right to an exclusion is not as heavy as if it were trying to prove an exemption. *Tyger & Karl Complete Water Systems Co., Inc. v. Commonwealth,* 5 Pa. Commonwealth Ct. 154, 163 (1972).

By our holding here we do not thereby deprive the proviso definition of real estate of meaning. The result of our holding is that the exclusion applies if the materials are directly used in constructing, reconstructing, remodeling, repairing or maintaining facilities directly used for the production, delivery or rendering of a public utility service, and it does not matter whether those facilities are real estate. Since it does not matter for purposes of the exclusion whether the facilities are real estate, the statement of what is not real estate is irrelevant to the exclusion provided by subparagraph (iii). That statement does become operative, we think, in an interpretation of the *exceptions* to the exclusion, which exceptions are clearly set forth in the unnumbered paragraphs following subparagraph (iv). There we read that the exclusion in subparagraph (iii) does not apply where materials or supplies are used or consumed in any construction, reconstruction, remodeling, repair or mainentance of real estate other than machinery, equipment or parts that may be affixed to such real estate. In *this* context, it is essential for the taxpayer to know what the term real estate includes and we believe the legislature has supplied that information, albeit at a somewhat awkward place in the statute.

In short, we hold that *Equitable* is controlling, notwithstanding the amendments set forth in the 1971

Code. Regardless of their effect upon other uses of tangible personal property, the amendments do not exempt the materials in the instant case from the exclusion.

The parties have stipulated that the gas pipelines and mains are facilities which are directly used in the provision of a public utility service. The completion of the work by refilling the excavations and repairing the roads was an integral part of such provision of public utility service; therefore, the materials were excluded from the use tax by Section 201(o)(4)(B)(iii) of the 1971 Code.

Finally, the Commonwealth contends that the former sales and use tax public utility regulation, Regulation No. 227, now 61 Pa. Code §32.34, is dispositive of the issue because it clearly states "[t]he purchase or use of property for use in . . . repairing or maintaining any building, road, foundation or similar facility, regardless of its purpose, is subject to tax."[6] We agree that the regulation is admirably clear. Nevertheless, the regulation is invalid because it is not authorized by the 1971 Code, see *Tyger & Karl;* and it is contrary to our holding here. *See Ragnar Benson.*

For the foregoing reasons, the decision of the Board of Finance and Revenue will be reversed on the basis that Equitable does not owe any tax on the sand, paving and fill materials.[7]

#### ORDER

The order of the Board of Finance and Revenue dated May 5, 1976, is hereby reversed.

-------

. [6] We do not here decide whether Equitable's activities consisted of repairing or maintaining a road, foundation or similar facility.

[7] By stipulation the parties agreed in the event this Court found that the paving and fill materials and sand should be excluded from the use tax, Equitable would then owe $11,302.07 as use tax properly due on items other than paving and fill materials and sand, plus appropriate interest from January 31, 1974. Stipulation of Fact 16.

It is further ordered that unless exceptions are filed within thirty (30) days of this Order, the Prothonotary shall enter judgment in favor of the Commonwealth and against Equitable Gas Company in the amount of $11,302.07 as use tax properly assessed, plus appropriate interest from January 31, 1974.