General Asphalt Paving Company of Philadelphia, Petitioner *v.* Commonwealth of Pennsylvania. Respondent.

Argued September 11, 1984, before President Judge CRUMLISH, JR. and Judges ROGERS, WILLIAMS, JR., CRAIG, MACPHAIL, BARRY and COLINS.

*L. Gerald Rigby,* with him, *Gordon F. Moore, II, Kennedy & Rigby,* for petitioner.

*Paul S. Roeder,* Deputy Attorney General, with him, *LeRoy S. Zimmerman,* Attorney General, for respondent.

OPINION BY JUDGE MACPHAIL, November 15, 1984:
General Asphalt Paving Company of Philadelphia (General) appeals from an order of the Board of Finance and Revenue (Board) dated July 30, 1982, which affirmed an order of the Board of Appeals denying a refund claim by General for use taxes paid. Such denial of a refund was based upon a determination that the paving material in question was not covered by the public utility exclusion to the use tax, found at Section 201(o)(4)(B)(iii) of the Tax Reform

Code of 1971 (1971 Code), Act of March 4, 1971, P.L. 6, *as amended,* 72 P.S. §7201(o)(4)(B)(iii).[1]

Pursuant to Pa. R.A.P. 1571(f) no record has been certified to this Court by the Board; however, General and the respondent Commonwealth of Pennsylvania (Commonwealth) have entered into a written stipulation of facts which we have accepted for the purposes of this appeal. They have stipulated, *inter alia,* that the use tax assessment which is the subject of the instant appeal involves tax upon General's rental of equipment and use of materials ''to repave various surfaces in connection with the construction, repair or maintenance of various public utility facilities.'' Stipulation of Fact 3. General completed surface repairs where the public utility or another contractor had completed subsurface repair or maintenance or the construction and installation of new public utility facilities.

The parties have not identified any issues of fact as remaining to be tried. Pa. R.A.P. 1571(f). Nonetheless, we find that we are unable to perform our judicial function on the basis of the present record. Further facts must be determined, by stipulation of the parties or an evidentiary hearing before this Court.

This Court recently held in *Commonwealth v. Equitable Gas Company,* Pa. Commonwealth Ct. , A.2d (No. 1001 C.D. 1976, filed October 26, 1984), that materials used to fill in and cover excavations around gas pipelines and mains were excluded from the use tax by operation of Section 201(o)(4)(B)(iii) of the 1971 Code because this usage of the

---

[1] The relevant section of the 1971 Code was subsequently amended by Section 1 of the Act of December 9, 1980, P.L. 1136, which is not pertinent to this discussion.

materials was directly in the rendition of a public utility service.

The parties in the instant case have not stipulated precisely enough the nature of the work done by General. This Court must determine whether the materials[2] at issue were directly used in "constructing, reconstructing, remodeling, repairing or maintaining the facilities which are directly used" in producing, delivering or rendering a public utility service. Section 201(o)(4)(B)(iii) of the 1971 Code. This requires that we know how each material was used.

Additionally, Section 201(o)(4)(B) of the 1971 Code, 72 P.S. §7201(o)(4)(B), provides in pertinent part

> The exclusions provided in subparagraphs (i), (ii), (iii) and (iv) shall not apply to . . . materials or supplies to be used or consumed in any construction, reconstruction, remodeling, repair or maintenance of real estate other than machinery, equipment or parts therefor that may be affixed to such real estate. . . .

> The exclusion provided in subparagraph (iii) shall not apply to (A) construction materials used to construct, reconstruct, remodel, repair or maintain facilities not used directly in the production, delivering or rendition of public utility service, or (B) tools and equipment used but not installed in the maintenance of facilities used directly in the production, delivering or rendition of a public utility service.

It is necessary, therefore, that we determine whether any of the equipment at issue was affixed to or in-

---

[2] Materials used included concrete, salt, hay, kerosene, blacktop, asphalt, coke, sand, gas, fuel oil and crushed stone. Stipulation of Fact. 3.

stalled in any of the public utility facilities, whether the facilities were real estate within the meaning of the statute and whether the work being done was maintenance of said facilities.

For the foregoing reasons we will order that this matter be scheduled for an evidentiary hearing in regard to the above questions of fact, unless the parties agree to file additional stipulations of fact, to enable us to properly review the determination made by the Board.

ORDER

It is ordered that the above captioned matter be set for an evidentiary hearing consistent with the attached opinion unless the parties shall within thirty days submit such additional stipulations of fact as this Court has indicated are necessary in the foregoing opinion.