**G.L. MARKS CONTRACTING, INC., Petitioner,**

v.

**COMMONWEALTH of Pennsylvania, Respondent.**

Commonwealth Court of Pennsylvania.

Argued April 13, 1998.

Decided May 28, 1998.

Thomas W. Bergen, Lancaster, for petitioner.

Bart J. DeLuca, Jr., Senior Deputy Attorney General, Harrisburg, for respondent.

Before DOYLE and KELLEY, JJ., and McCLOSKEY, Senior Judge.

DOYLE, Judge.

G.L. Marks Contracting (Marks) appeals from an order of the Board of Finance and Revenue (Board) which affirmed the decision of the Board of Appeals, denying Marks' Petition for Reassessment and sustaining the assessment of the sales and use taxes on equipment rented by Marks. The facts of this appeal are almost identical to those in *Glenn Johnston, Inc. v. Commonwealth,* 712 A.2d 817 (Pa.Cmwlth.1998), and on the basis of that decision, we determine this appeal in a similar manner.

The relevant facts of the case have been stipulated by the parties pursuant to Pa. R.A.P. 1571(f). Marks is a Pennsylvania corporation which installs drinking water and sanitary sewage lines for public utilities and municipal entities which provide public utility services. As a result of audits from January 1, 1990, to November 30, 1992, it was determined that Marks had a sales tax deficiency of $413.48, as well as a use tax deficiency of $24,128.53. In addition, as the result of nonpayment during that period, an additional $7,381.40 accrued as penalties and $2,158.68 accrued as interest. The assessment was based on the rental of equipment such as backhoes, loaders, blasting mats, and excavators which Marks used in its construction of public utility projects during the audited period.

Marks filed a Petition for Reassessment with the Board of Appeals. Although the

Board of Appeals abated all penalties, it upheld the assessment of the sales and the use taxes, as well as the imposition of interest. Marks appealed the issue of the imposition of the use tax to the Board of Finance and Revenue and argued that the items which it leased in conjunction with its public utility contracts were exempt from the use tax. On June 22, 1994, the Board upheld the Board of Appeals' assessment, and this appeal of the assessment of the use tax followed.

■■■ On appeal,[1] Marks argues that the exclusion contained in Section 201(o)(4)(B)(iii) of the Revenue Code [2] applies to the rental charges that it incurred for use of equipment used to install the delivery lines eventually used by public utilities to provide utility service to the public. Because the facts in this case are nearly identical to those in *Glenn Johnston, Inc. v. Commonwealth,* 712 A.2d 817 (Pa.Cmwlth.1998), with the only exception being that in this appeal, the equipment at issue was rented, rather than purchased as in *Glenn Johnston, Inc.,* we reach the same conclusion to affirm the decision of the Board to deny Marks' appeal of the assessment of the use tax.

In the present case, as in *Glenn Johnston, Inc.,* the equipment was not affixed to real estate or otherwise annexed to the utility. Accordingly, under the holdings of our Supreme Court in *Ernest Renda Contracting Co. v. Commonwealth,* 516 Pa. 325, 532 A.2d 416 (1987), and *Commonwealth v. Ragnar Benson, Inc.,* 482 Pa. 224, 393 A.2d 634 (1978), we affirm the decision of the Board [3] and judgment is entered in favor of the Commonwealth.

### ORDER

AND NOW, May 28, 1998, judgment is entered in favor of the Commonwealth. This order will become final unless exceptions are filed within 30 days of the entry of this order.

1. Although our normal standard of review of governmental agency determinations does not permit this Court to substitute its discretion for that of an agency absent a showing of bad faith, capricious action, or an abuse of discretion, that standard does not apply to our review of decisions of the Board of Finance and Revenue. *Norris v. Commonwealth,* 155 Pa.Cmwlth. 423, 625 A.2d 179 (1993). Thus, when reviewing a decision of the Board, we have the broadest discretion because, although brought within our appellate jurisdiction, this Court essentially per-

forms the function of a trial court. *Consolidated Rail Corporation v. Commonwealth,* 679 A.2d 303 (Pa.Cmwlth.1996), *aff'd,* 547 Pa. 453, 691 A.2d 456 (1997).

2. Act of March 4, 1971, P.L. 6, *as amended,* 72 P.S. § 7201(b).

3. As in *Glenn Johnston,* we invite our Supreme Court to reexamine this issue due to the inequities that have arisen in this area. *See Glenn Johnston,* 712 A.2d at 820 n.5.