John M. Kostecky, Jr., Appellant *v.* Jack B. Mattern and Ernestine O. Mattern, His Wife et al., Appellees.

Argued February 5, 1982, before Judges BLATT, WILLIAMS, JR. and CRAIG, sitting as a panel of three.

*Walter W. Wilt, Hepford, Swartz, Menaker and Wilt,* for appellant.

*Joseph P. Alexa,* with him, *Samuel L. Andes, Andes and Vaughn,* for appellees.

OPINION BY JUDGE WILLIAMS, JR., November 8, 1982:

John M. Kostecky, Jr., has appealed from an order of the Court of Common Pleas of Cumberland County that affirmed a decision of the Zoning Hearing Board of the Borough of Lemoyne (Board). The decision of the Board, over a challenge by Kostecky, had upheld a grant of subdivision approval to Jack B. Mattern and his wife, Ernestine O. Mattern (Matterns), two of the appellees herein.

Appellant Kostecky and the Matterns are adjoining property owners on Cumberland Road in the Borough of Lemoyne. In March 1979, the Matterns had applied for a zoning variance to permit the erection of third dwelling on their property. A variance was sought because the Mattern property did not meet the dimensional requirements, under the Borough's zoning ordinance, for the additional structure. The variance application was denied by the Board.[1]

After the denial of the variance, the Matterns began negotiations with the Borough of Lemoyne to

---

[1] It appears that Kostecky was a protestant in the variance proceeding.

purchase a piece of ground in the Borough-owned park adjacent to the Mattern property.[2] In September 1979, the Matterns submitted to the Borough a contract under which they would buy a small, triangular piece of the Borough park for a purchase price of $1,443. The piece of ground to be conveyed contained 4,379.58 square feet. That piece, when added to the Matterns' existing property, would create a parcel of land capable of being subdivided for the construction of the third dwelling. In December 1979, the Lemoyne Borough Council approved the sale.[3]

In January 1980, pursuant to a petition filed by the Matterns, the Court of Common Pleas of Cumberland County entered an order approving the Borough's sale of the parkland footage.[4]

Following the judicial approval of the land sale, the Matterns had a registered surveyor prepare a subdivision plan.[5] The plan indicated the configuration of the Mattern property as it would look after the acquisition from the Borough, and as it would look after the Matterns subdivided their redefined parcel into two separate lots. The plan also contained an "Acquisition Sketch," which depicted the boundaries of the Matterns' original property and the boundaries of the triangular piece to be acquired

---

[2] The park is named "Cumberland Park," and is comprised of land conveyed to the Borough in 1940. The deed of conveyance to the Borough provided that the parkland was to be used for public purposes, but also granted the Borough "full power of alienation."

[3] A borough is statutorily empowered to sell its real property, by Section 1201 of The Borough Code, Act of February 1, 1966, P. L. (1965) 1656, as amended, 53 P.S. §46201.

[4] The petition for judicial approval of the land sale was filed pursuant to the Revised Price Act, 20 Pa. C. S. §§8301-8306.

[5] The agreement of sale between the Matterns and the Borough provided that the purchasers had to bear all the costs of obtaining judicial approval and subdivision approval.

from the Borough. The plan did not, however, depict the Borough park in its entirety; and thus did not show the relationship of the triangular piece to the park as a whole.

The Matterns submitted their subdivision plan to the local authorities on or about February 18, 1980. The plan was approved by the Cumberland County Planning Commission on February 19, 1980; and by the Lemoyne Borough Planning Commission on February 21, 1980. On February 26, 1980, the President and the Secretary of the Lemoyne Borough Council executed an acknowledgment on the face of the Mattern subdivision plan. Two days later, on February 28, 1980, the Borough Council gave its approval of the plan.

On March 4, 1980, the President and the Secretary of the Borough Council executed a deed conveying to the Matterns the triangular piece of parkland. Soon thereafter, the deed was recorded in the Office of the Recorder of Deeds for Cumberland County.

When John M. Kostecky, Jr., learned of the Borough's conveyance to the Matterns, he filed an appeal to the Borough Zoning Hearing Board. Kostecky's appeal petition to the Board, dated April 3, 1980, was denominated by him as follows: "In Re: Transfer of Property from the Borough of Lemoyne to Jack B. Mattern, and Ernestine O. Mattern, his wife, by Deed Dated March 4, 1980 Recorded in Cumberland County Deed Book W, Volume 28, Page 441." The petition's allegations were devoted exclusively to contending that the Borough itself, *as a landowner,* had violated its own subdivision ordinance in transferring the piece of parkland to the Matterns. The relief requested by Kostecky's appeal petition was for the Board to (1) declare that the land transfer was in violation of the subdivision ordinance and (2)

order the Matterns not to take any action to develop the conveyed piece of ground.

Kostecky subsequently submitted to the Board a memorandum of law in support of his appeal petition. That memorandum amplified his assertion that the Borough land had been sold to the Matterns in violaiton of the local subdivision ordinance; and also asserted that the Matterns themselves had not complied with the ordinance. By way of relief, Kostecky's memorandum asked the Board to order the rescission of the subdivision plan that had been filed by the Matterns and approved by the Borough. The memorandum also asked the Board to *order the Matterns to redeed the piece of ground back to the Borough.*

Under the Borough of Lemoyne's subdivision ordinance, the subdivision of any lot, tract or parcel of land must be preceded by, among other things, the subdivider's filing of certain documents with the Borough Planning Commission. Those documents, which must meet certain data specifications and be processed in a prescribed manner, include a pre-application plan, a preliminary plan and a final plan.[6] Pursuant to the ordinance, no subdivision of any land may be effected unless and until the Borough Council has approved the final subdivision plan in the manner prescribed by the ordinance.

The ordinance defines a "subdivider" as: "[t]he owner or authorized agent of the owner of a lot, tract or parcel of land to be subdivided under this ordinance."

Given the Borough subdivision ordinance, Section 507 of the Pennsylvania Municipalities Planning

---

[6] According to the ordinance, among the data which must be shown by the plans are the boundaries, bearings and distances of the tract to be subdivided.

Code (MPC)[7] becomes significant with respect thereto. Section 507 of the MPC provides, in part, as follows:

Where a subdivision and land development ordinance has been enacted by a municipality under the authority of this article no subdivision or land development of any lot, tract or parcel of land shall be made . . . *except in accordance with the provisions of such ordinance.* (Emphasis added.)

In Kostecky's appeal to the Zoning Hearing Board, he relied on the above statutory interdiction as the basis for the relief he sought.

At the hearing before the Board, held on June 4, 1980, Kostecky reiterated his assertion that the Borough land had been sold to the Matterns in violation of the subdivision ordinance. His position, as amplified by the memorandum he had submitted to the Board, was that the Borough, as the selling landowner, *was a subdivider* and had to comply with its own subdivision ordinance before a piece of the park could be sold.[8] According to Kostecky, the Borough had not filed or even prepared a single one of the plans required under the ordinance for the subdivision of a tract of land.

Kostecky's memorandum also asserted that, even if the signatures of the Borough officers on the Matterns' plan constituted the Borough's "joinder" in

---

[7] Act of July 31, 1968, P. L. 805, *as amended*, 53 P.S. §10507.

[8] Section 107 of the MPC, 53 P.S. §10107, defines a "subdivision" to include:

[T]he division or redivision of a lot, tract or parcel of land by any means into two or more lots, tracts, parcels or other divisions of land including changes in existing lot lines for the purpose, whether immediate or future, of lease, *transfer of ownership* or building or lot development: (Emphasis added.)

that plan, such "joinder" was not sufficient compliance with the ordinance to allow the subdivision of the park. In that regard, Kostecky argued that even if the Matterns' plan had become also the Borough's own plan by "joinder," that plan itself was only one of the *three* subdivision plans required by the ordinance.

The only relevant evidence adduced by Kostecky before the Board consisted of a copy of the subdivision plan filed by the Matterns, and a stipulation of certain facts agreed to by the attorney for Kostecky and the attorney for the Matterns. The facts stipulated to were: (1) that the subdivision plan filed by the Matterns was the *only* plan filed, and (2) that the Borough signed the Mattern plan. Regarding the hearing before the Board, it should be noted that during those proceedings Kostecky's attorney stated that a separate legal action had been filed challenging the judicial approval of the Borough's sale to the Matterns.

By a decision dated August 25, 1980, the Board dismissed Kostecky's appeal, concluding that he had not met the burden of proving that the Borough or the Matterns had violated the Borough's subdivision ordinance.

From the Board's decision Kostecky filed a timely appeal to the Court of Common Pleas of Cumberland County. In that appeal, he repeated his contentions that the Borough and the Matterns had violated the subdivision ordinance. Kostecky also asserted that the Board, in its decision, had ignored the evidentiary effect of the stipulation adduced at the hearing and, thus, erred in its conclusion that he had not met his proof burden. The Court of Common Pleas, without taking additional evidence, affirmed the Board's decision. Kostecky's appeal to our Court followed.

Where, in a zoning case, the lower court has not taken additional evidence, our scope of review is restricted to determining whether the zoning board has committed an abuse of discretion or an error of law. *E.g., Pyzdrowski v. Pittsburgh Board of Adjustment,* 437 Pa. 481, 263 A.2d 426 (1970) ; *Marlowe v. Zoning Hearing Board of Haverford Township,* 52 Pa. Commonwealth Ct. 224, 415 A.2d 946 (1980). In applying that standard of review in the instant case, we must be mindful that Kostecky's challenge before the Board had a dual nature. The first element of his challenge was that the Borough had sold the questioned piece of ground to the Matterns without complying with the subdivision ordinance. The second element was that the subdivision plan filed by the Matterns did not amount to such compliance with the ordinance as to permit the subdivision of the enlarged Mattern property. We must also be mindful that the appellant sought two kinds of relief from the Board: He asked the Board to set aside the approval, by the Borough Council, of the Mattern subdivision plan. He also asked the Board to set aside the land conveyance from the Borough to the Matterns.

Before this Court, Kostecky's pivotal argument is that the Board erred in its conclusion that he had not met his burden of proving that the Borough and the Matterns had violated the subdivision ordinance. He asserts that the stipulation of facts, made on the record by his attorney and the attorney for the Matterns, conclusively proved that neither the Borough nor the Matterns had met the documentary requirements of the ordinance.

The stipulation in issue was that the single subdivision plan filed by the Matterns was the only plan submitted by anyone to gain subdivision approval in this case. In our view, that stipulation had at least

one unavoidable meaning: that the *Matterns* did not submit any of the other plans required under the ordinance for permission to subdivide their enlarged property. A stipulation of facts is binding upon the hearing tribunal as well as the parties to the stipulation. *See, e.g., Commonwealth v. After Six, Inc.,* 33 Pa. Commonwealth Ct. 472, 382 A.2d 983 (1978); *Greenville Steel Car Co. v. Commonwealth,* 20 Pa. Commonwealth Ct. 385, 343 A.2d 79 (1975). As a general rule, once a stipulation of facts has been effectively entered into, there can be no valid contention or conclusion that facts within the scope of the stipulation are unsupported by substantial evidence. *See Mobil Pipe Line Co. v. Department of Environmental Resources,* 62 Pa. Commonwealth Ct. 145, 435 A.22 934 (1981). In sum, facts effectively stipulated to are controlling and conclusive. *Shank Estate,* 399 Pa. 656, 161 A.2d 47 (1960).

In light of the above legal principles, we conclude that the stipulation relied on by the instant appellant did prove that the Matterns filed but one of the three plans required by the Borough ordinance for subdivision approval. From that fact, it must follow that the Matterns' single plan was not enough to entitle *them* to subdivision approval *for their enlarged property.*

Given that the Matterns' filing of but one plan was inadequate compliance with the subdivision ordinance, the Borough's "joinder" in that plan could not suffice to put the Borough in compliance insofar as its own tract of land was concerned. However, that consideration does not necessarily mean that the Borough did not, independent of the Matterns' plan, submit its own plans relative to the subdivision of the Borough park. As for the Borough's alleged noncompliance with the subdivision ordinance, it is ques-

tionable whether the stipulation relied on by the appellant could have the same conclusive evidentiary effect, *as to the Borough,* that it did on the Matterns: because the Borough, an allegedly offending subdivider of land, did not join in the stipulation. As observed, the stipulation was entered into only by appellant Kostecky's attorney and the attorney for the Matterns. Therefore, it is doubtful whether the stipulation could serve to prove that the Borough had actually failed to file the plans required under the ordinance for the subdivision of the park.

However, regardless of whether the Borough's subdivision of the park violated the ordinance, the relief appellant Kostecky sought in that regard was beyond the power of the Zoning Hearing Board. Kostecky asked the Board to set aside the already-executed land conveyance from the Borough to the Matterns. We can ascertain nothing in the MPC that confers such power on a zoning board. There is nothing in that statute, so far as we can see, that makes a zoning board a forum for actions to try land titles.

To summarize, it is our conclusion that the Board erred in upholding the subdivision approval that had been granted to the Matterns with respect to their enlarged property. But to the extent that the appeal petition to the Board sought to set aside the mentioned land transfer, that relief was correctly denied.

Accordingly, the order of the court below is reversed in part and affirmed in part.

ORDER

AND Now, the 8th day of November, 1982, the order of the Court of Common Pleas of Cumberland County entered on April 10, 1981, at No. 3422 Civil 1980, is reversed in part and affirmed in part.

Judge MENCER did not participate in the decision in this case.