# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| In Re: The Nomination Papers of | : | |
| David Amato as Candidate for | : | |
| Member of Council Borough of | : | |
| West Reading | : | |
| | : | |
| Appeal of: Oswald Herbert and | : | No. 1406 C.D. 2017 |
| Suzanne Thompson | : | Submitted:  October 16, 2017 |

BEFORE:     HONORABLE RENÉE COHN JUBELIRER, Judge
            HONORABLE P. KEVIN BROBSON, Judge
            HONORABLE DAN PELLEGRINI, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COHN JUBELIRER                    FILED:  October 23, 2017

Oswald Herbert and Suzanne Thompson (together, Objectors) appeal, pro se, from the Order of the Court of Common Pleas of Berks County (trial court) docketed on September 25, 2017, denying Objectors' Petition to Set Aside Nomination Papers of David Amato to be a Member of Borough Council, Borough of West Reading, Berks County, Pennsylvania (Petition to Set Aside) and directing that David Amato's (Candidate) name remain on the ballot for the General Election of November 7, 2017.  On appeal, Objectors argue that the trial court erred and abused its discretion when it found that Candidate timely filed his Statements of Financial Interest (SOFIs) with the Borough of West Reading (Borough) where the SOFIs were not date stamped by the Borough; the trial court's finding that the SOFIs were

timely filed is not supported by substantial evidence; and the trial court denied them due process in the manner in which the hearing was conducted and in making certain evidentiary decisions. Because there is substantial evidence to support the trial court's finding that Objectors failed to meet their burden and there is no other legal error or abuse of discretion in the trial court's decision, we affirm.

The relevant facts[1] here are as follows. Candidate won the 2017 Municipal Primary, via write-in vote, to appear as the Republican and Democratic candidate for a four-year position as a member of the Borough Council, and the Berks County Board of Elections (Board) certified the primary results on June 8, 2017. Pursuant to the regulation at 51 Pa. Code § 15.3(e)(1)-(2),[2] Candidate had to file his SOFIs with the "governing authority of the political subdivision wherein the person has been . . . nominated for . . . local level office" within 30 days of being certified the winner, in this case, by **Monday, July 10, 2017**. Candidate filed his SOFIs, along with the other required paperwork, with the Board and the Borough. The documents were signed and dated July 3, 2017. Objectors filed the Petition to Set Aside on July

---

[1] This Court, in *In re: Nomination Papers of David Amato* (Pa. Cmwlth., 1138 C.D. 2017, filed Sept. 14, 2017), set forth the full factual background of this matter.

[2] This regulation states that:

> (e) A write-in candidate shall file a Statement of Financial Interests within 30 days of having been nominated . . . unless the person declines the nomination . . . within that period of time.
>
> (1) The Statement shall be filed with . . . the governing authority of the political subdivision wherein the person has been . . . nominated for . . . local level office.
> (2) For the purposes of calculating the 30-day period during which the Statement of Financial Interests shall be filed, the time shall commence on the date that the appropriate board of elections certifies the individual as the winner of a nomination . . . .

51 Pa. Code § 15.3(e)(1)-(2).

19, 2017, pursuant to Section 977 of the Election Code, 25 P.S. § 2937.[3] Objectors asserted that Candidate's SOFIs were not timely filed with the Borough as required by Section 1104(b) of the Public Official and Employee Ethics Act (Ethics Act), 65 Pa. C.S. § 1104(b).[4] Relevantly, Objectors averred that Candidate could not show that the SOFIs were timely filed because there was no date stamp on them showing when they were filed with the Borough and, therefore, his papers should be set aside and Candidate's name should be removed from the ballot.

The matter was initially heard by the trial court on August 3, 2017, at which Objectors appeared pro se. Following the August 3, 2017 proceedings, the trial court dismissed the Petition to Set Aside on the basis that it was not filed by July 17, 2017, and, therefore, was not timely. *In re: Nomination Papers of David Amato* (Pa. Cmwlth., 1138 C.D. 2017, filed Sept. 14, 2017) (*Amato I*), slip op. at 8. The trial court also concluded that Objectors had not met their burden of proving that the SOFIs were not timely filed with the Borough and that any defect in the SOFIs' content was amendable. *Id.* (citing *In re Paulmier*, 937 A.2d 364, 371 (Pa. 2007)).

---

[3] Act of June 3, 1937, P.L. 1333, *as amended*, 25 P.S. § 2937.

[4] Section 1104(b)(2)-(3) of the Ethics Act provide:

(2) Any candidate for county-level or local office shall file a statement of financial interests for the preceding calendar year with the governing authority of the political subdivision in which he is a candidate on or before the last day for filing a petition to appear on the ballot for election. A copy of the statement of financial interests shall also be appended to such petition.

(3) No petition to appear on the ballot for election shall be accepted by the respective State or local election officials unless the petition has appended thereto a statement of financial interests as set forth in paragraphs (1) and (2). Failure to file the statement in accordance with the provisions of this chapter shall, in addition to any other penalties provided, be a fatal defect to a petition to appear on the ballot.

65 Pa. C.S. § 1104(b)(2)-(3).

Upon this Court's review, we agreed with the trial court that any defects in Candidate's SOFIs were amendable. *Id.* at 14 n.10. However, because Objectors did not have the opportunity to present their request for *nunc pro tunc* relief[5] and there was a factual question about the date the SOFIs were filed, we vacated the trial court's order and remanded the matter for a new evidentiary hearing and a new determination by the trial court. *Id.* at 15-16, Order.

The trial court held the remand hearing on September 22, 2017, at which Objectors again appeared pro se, and both Candidate and the Board were represented by counsel. With regard to the *nunc pro tunc* issue, Objectors both testified regarding their attempt to file the Petition to Set Aside in the Berks County Prothonotary's Office (Prothonotary's Office) on July 17, 2017. Objectors testified that they arrived at the Prothonotary's Office at around 3:40 p.m. to file the Petition to Set Aside but, due to a rainstorm, they had to replace multiple pages of the Petition to Set Aside with dry pages, which took time and resulted in them not being able to file by 4:00 p.m. (Hr'g Tr. at 11, 15-16, 29, 31-32.) According to Objectors, they were informed that the office was closing at 4:00 p.m. and, despite Objectors informing them that the office should remain open until 5:00 p.m. because it was an election matter, the Prothonotary's Office was closed shortly after 4:00 p.m. without their having filed the Petition to Set Aside. (*Id.* at 13, 14, 16-17, 27, 31-33.) Acting Prothonotary Jonathan K. DelCollo testified that the office normally closes at 4:00

---

[5] Per Section 977 of the Election Code, a petition to set aside a nomination paper or petition must be filed within seven days of the last day the nominating paper or petition could be filed. 25 P.S. § 2937. Here, the last day for Candidate to have accepted the write-in nomination was July 10, 2017; therefore, the last day a petition to aside, assuming that one can file such petition against a write-in candidate, could be filed would be July 17, 2017. Objectors' Petition to Set Aside was filed on July 19, 2017, but they claimed they were unable to file it on July 17, 2017, because the Berks County Prothonotary's Office (Prothonotary's Office) would not let them file it after 4:00 p.m.

p.m., but it does not immediately close its doors at that time. (*Id.* at 43.) He testified the office does stay open until 5:00 p.m. for election matters when told to do so by the Board, the Administrative Office of Pennsylvania Courts, and/or the Pennsylvania Secretary of State. (*Id.* at 42-45.) To his knowledge, the office did not receive any notification that it was to stay open until 5:00 p.m. on July 17, 2017. (*Id.* at 47.) Objectors sought to have Valentin Rodriguez, Mayor of West Reading, testify regarding the Prothonotary's Office's closing time. (*Id.* at 48-49.) However, the trial court did not allow the testimony having had "enough evidence in regard to the *nunc pro tunc* [issue] that [it] could rule on." (*Id.* at 49.)

With regard to the date Candidate's SOFIs were filed,[6] Cathy Hoffman, the Borough's Manager and Secretary, and Cynthia Madera, the Borough's Assistant Secretary, testified. Although Ms. Hoffman did not personally accept Candidate's SOFIs, she testified to the Borough's "practice . . . [that] if the document is received in our office on the same date as the bottom of the form, we don't bother stamping it. If it's a different date that it's received, then we will stamp the form. That's our standard practice." (*Id.* at 55-56.) She confirmed that the date on the bottom of Candidate's SOFIs was July 3rd. (*Id.* at 56.) Ms. Madera personally accepted Candidate's SOFIs on July 3, 2017, and testified why there was no date stamp because

> [Ms. Madera]: I just take the forms in and date stamp them, if it is not the same date as what's written on them, and place them in a file.
> . . . .
>
> THE COURT: Do you know when they were filed? Do you know on what date those were filed?

---

[6] The testimony regarding the date Candidate's SOFIs were filed is found on pages 52 through 64 of the Hearing Transcript.

[Ms. Madera]: To our office?

THE COURT: Yes.

[Ms. Madera]: It would be July 3rd, 2017.

BY MR. HERBERT: And you can be – prove positive this how?

[Ms. Madera]: Because if it's not the same date as what's written on the form, then we date stamp them.

(*Id.* at 58-59.) Ms. Madera also explained she date stamped the SOFI of Mayor Rodriguez because he told her to do so. (*Id.* at 61.) Via stipulation, the trial court accepted as fact that Mayor Rodriguez's SOFI was date stamped as being received by the Borough on July 3, 2017, and that the letter sent by the Board to all the winners of the write-in nominations identified the last day to file SOFIs was July 10, 2017. (*Id.* at 60, 64.) The trial court found Ms. Hoffman's and Ms. Madera's testimony regarding the Borough's practice credible and that Candidate's SOFIs were filed on July 3, 2017. (*Id.* at 63, 65.)

At the end of the hearing, Objector Herbert asked to make a statement for the Court, but the trial court indicated that it was not taking any closing statements in the matter. However, Objector Herbert did subsequently state that "Well, Your Honor, there's no *prima facie* evidence showing a timely filing on the statement of financial interest." (*Id.* at 66.)

On September 25, 2017, the trial court issued an opinion with findings of fact and conclusions of law as directed by this Court in *Amato I*. The trial court accepted Objectors' Petition to Set Aside *nunc pro tunc*, finding, in relevant part, that the Prothonotary's Office closed shortly after 4:00 p.m. on July 17, 2017, because it had not received instructions from the Administrative Office of Pennsylvania Courts or the Board, which was the standard procedure, that the office was to remain open

6

until 5:00 p.m. on that day. (Trial Ct. Op., Sept. 25, 2017 (September 25, 2017 Op.), Findings of Fact (FOF) ¶¶ 9, 11-13.) On the merits, the trial court found, based on Ms. Madera's testimony, that Candidate's SOFIs were "accepted by [Ms.] Madera on July 3, 2017," and they were "not time stamped because the actual date of the acceptance already appeared on the face of the document." (FOF ¶ 26.) Therefore, it held "[t]here [was] no fatal defect on the face of [Candidate's SOFI] that he filed with the Borough . . ." and he "was properly permitted to amend his [SOFI] to include additional information." (*Id.* ¶¶ 27-28.) The trial court concluded that Objectors' failed on the merits because Candidate filed his SOFI prior to expiration of the 30-day deadline imposed by 51 Pa. Code § 15.3(e). (September 25, 2017 Op. at 5.) The trial court denied the Petition to Set Aside.[7] (Trial Ct.'s Order.) Objectors now appeal to this Court.[8]

---

[7] While on remand, the Board filed a Motion for Summary Judgment asserting that Objectors could not file a "Petition to Set Aside" by relying on Section 977 of the Election Code, which addresses "Objections to **nomination petitions and papers**," 25 P.S. § 2937 (emphasis added), because, as a successful write-in candidate, Candidate was not required to file either a nomination petition or paper within the meaning of the Election Code. Noting that Objectors provided no other authority for filing objections to a write-in candidate's papers and its own research had found none, the trial court indicated it lacked jurisdiction, but nonetheless addressed the merits of the Petition to Set Aside to determine the date Candidate's SOFIs were filed with the Borough. (September 25, 2017 Op. at 4.) The trial court dismissed the Motion for Summary Judgment as moot. The Board raises this argument in its appellate brief to this Court. Because we affirm the trial court's Order based on Objectors' failure to meet their burden, we need not consider this issue. We likewise do not address here the question of whether a write-in candidate's failure to file a SOFI within the time set forth in 51 Pa. Code § 15.3(e) is a fatal defect that could give rise to a petition to set aside that candidate's name on a ballot for the next ensuing municipal or general election as that was not raised.

[8] "The Court's review of a trial court's order as to the validity of a nomination petition is limited to determining whether the findings of fact are supported by substantial evidence in the record and whether there was an error of law or an abuse of discretion." *In Re Nominating Petition of Williams*, 972 A.2d 32, 33 n.1 (Pa. Cmwlth. 2009).

At the direction of this Court, Objectors filed a Statement of Issues to be Presented on Appeal (Statement of Issues) directly with this Court, and the trial court issued a responsive opinion. In the Statement of Issues, Objectors assert seven issues, which they reassert and expand upon in their brief to this Court. The trial court's responsive opinion, issued October 16, 2017, responds to each of these issues. The Board has filed a brief likewise responding to Objectors' arguments, as well as requesting attorney's fees asserting, *inter alia*, Objectors' appeal is frivolous.[9] For ease of discussion, we have consolidated Objectors' arguments.

Our review is guided by the following legal principles. The "Election Code must be liberally construed to protect a candidate's right to run for office and the voters' right to elect the candidate of their choice." *In re Vodvarka*, 140 A.3d 639, 641 (Pa. 2016) (quotation omitted). Under the Election Code and the Ethics Act, only those candidates "who fail to file statements of financial interests or who file them in an untimely manner" are barred from being on the ballot. *Paulmier*, 937 A.2d at 371. Moreover, the trial court is the fact finder, and it "has exclusive authority to weigh the evidence, make credibility determinations[,] and draw reasonable inferences from the evidence presented." *In re Sale of Real Estate by Lackawanna Cnty. Tax Claim Bureau*, 22 A.3d 308, 312 n.3 (Pa. Cmwlth. 2011); *see also In re Petition to Set Aside Nomination Petition* (Pa. Cmwlth., No. 367 C.D.

---

[9] On October 19, 2017, Candidate filed a Motion For Extension of Time to Join Brief, a Motion to Join the Board's Brief, and a Motion for Counsel Fees, which incorporates the Board's brief as his own. Objectors request that Candidate's Motions be denied. However, Candidate does not seek to file his own brief to raise different or new arguments, but requests only to join in the Board's already-filed brief and Request for Attorney's Fees. For that reason, we grant Candidate's Motion for Extension of Time to Join Brief and Motion to Join the Board's Brief, and we will consider the merits of Candidate's Motion for Counsel Fees along with the Board's request for fees.

8

2015, filed April 17, 2015), slip op. at 19 (applying this standard to an election matter).[10] "The trial court is free to believe all, part or none of the evidence." *In re Petition to Set Aside Nomination Petition*, slip op. at 19 (citing *Commonwealth v. Begley*, 780 A.2d 605, 619 (Pa. 2001); *Commonwealth v. Holtzapfel*, 895 A.2d 1284, 1289 n.2 (Pa. Cmwlth. 2006)). "Substantial evidence is evidence that a reasonable mind might accept as sufficient to support a conclusion." *Spencer v. City of Reading Charter Bd.*, 97 A.3d 834, 842 (Pa. Cmwlth. 2014). "An appellate court may not reweigh the evidence or make credibility determinations." *Id.*

Objectors first argue the trial court abused its discretion by not taking judicial notice of this Court's opinion in *Amato I* and by not considering the regulation at 51 Pa. Code § 15.3(e)(1)-(2), (f),[11] which requires that Candidate had to file his SOFIs with the Borough within 30 days of the primary results being certified, by July 10, 2017, and for the Borough to reject Candidate's acceptance form if the SOFIs were not attached.

The trial court is correct that this Court's opinion in *Amato I* is a part of the record in this matter and it complied with our direction that an evidentiary hearing be held, findings of fact and conclusions of law be issued, and determinations be made on two specific issues. The trial court was also clearly aware of the regulation, citing it in the September 25, 2017 Opinion as the basis for the July 10, 2017 deadline for Candidate to file the SOFIs with the Borough. That the trial court did not agree with Objectors' interpretation of the regulation does not mean the trial court did not consider it.

---

[10] This case is cited for its persuasive value pursuant to Section 414(a) of this Court's Internal Operating Procedures, 210 Pa. Code § 69.414(a).

[11] The regulation at 51 Pa. Code § 15.3(f) states that "[a] petition to appear on the ballot will not be accepted unless a copy of the Statement of Financial Interests is attached thereto."

Objectors next assert that the lack of a date stamp on the SOFIs is *prima facie* evidence of an untimely filing and the trial court should not have relied on Ms. Madera's testimony because, although "truthful and credible," it was "convoluted" and insufficient to support the timely filing of the SOFIs. (Objectors' Br. at 6, 8.) Essentially, Objectors contend that this Court should hold that, as a matter of law, a SOFI is not timely filed if it does not have a date stamp to reflect the filing date.

Here, the trial court was presented with evidence, the testimony of two witnesses who described the Borough's procedures for accepting documents, one of whom actually accepted Candidate's SOFIs on July 3, 2017, and explained why there was not a date stamp. The trial court, acting within its sole authority as fact finder, weighed the evidence, credited it, and found that it supported the conclusion that Candidate filed his SOFIs with the Borough on July 3, 2017, prior to the July 10, 2017 deadline. Objectors characterize Ms. Madera's testimony as "convoluted" and not conclusive as to how documents are filed with the Borough. To the extent Objectors seek to have this Court reweigh the evidence in their favor, this is outside the scope of our appellate review. *Spencer*, 97 A.3d at 842. Here, Ms. Madera testified that she personally accepted Candidate's SOFIs on July 3, 2017, and did not date stamp them because, per Borough practice, they were filed on the same date listed on the documents and the reason why Mayor Rodriguez's SOFI was date stamped was because he asked her to do so. (Hr'g Tr. at 58-59, 61.) Ms. Hoffman's testimony corroborates Ms. Madera's statements concerning the Borough's practice regarding date stamping documents. While a date stamp is a more efficient and effective way of establishing the date a document is filed, it is not the only evidence that can establish the filing date. The testimony credited by the trial court is "evidence that a reasonable mind might accept as sufficient to support a conclusion"

10

that Candidate's SOFIs were filed with the Borough on July 3, 2017. *Spencer*, 97 A.3d at 842. Therefore, the trial court's finding is supported by substantial evidence.

Objectors also argue they were denied due process in various ways. They assert the trial court interfered with and disrupted Objectors' presentation, denying them a fair hearing. Objectors further argue the trial court should have allowed Mayor Rodriguez and Deborah Oliveri, the Board's Director, to testify regarding certain documents, the contents of which the trial court allowed to be stipulated to for the record. In particular, Objectors contend they sought to call Mayor Rodriguez to offer sworn testimony regarding the date stamp on his SOFI and Ms. Oliveri to offer sworn testimony of the letter sent by the Board regarding when candidates had to accept their write-in nominations and file their SOFIs. Objectors further claim that they wanted Mayor Rodriguez to testify about the filing of his SOFI with the Borough, which the trial court erred in denying as irrelevant. (Objectors' Br. at 6.)

We first address Objectors' general due process and fair hearing claim. As we stated in *Amato I*, "[p]rocedural due process requires notice and the **meaningful opportunity to be heard**. The hearing required by . . . [d]ue [p]rocess . . . must be meaningful and appropriate to the nature of the case." *Amato I*, slip op. at 12 (emphasis in original) (citations omitted). Our review of the record reveals that the trial court held a full evidentiary hearing lasting over an hour that resulted in a hearing transcript spanning 60 pages. At the beginning of the hearing, Objector Herbert described his objections, including one based on "the two filing requirements pursuant to 25 [Pa. C.S. §] 1104(b)(2)[-](3)." (Hr'g Tr. at 6.) Objectors presented their evidence regarding the circumstances leading to the untimely filing of their Petition to Set Aside, as well as evidence and arguments regarding the merits of their Petition to Set Aside. Objectors both testified and

11

Objector Herbert was permitted to cross-examine the three other witnesses who testified. While the trial court did interject and ask questions on occasion, these interruptions did not prevent Objectors from presenting their case or deny them a meaningful opportunity to be heard. Thus, we are satisfied that the trial court's September 22, 2017 hearing afforded Objectors with due process.

As for the particular evidentiary rulings challenged by Objectors, the hearing transcript reveals that the parties did stipulate that the letter the Board sent identified the deadline for filing SOFIs was July 10, 2017 and that there was a date stamp on Mayor Rodriguez's SOFI. (Hr'g Tr. at 60, 64.) Indeed, it was Objector Herbert who requested the stipulation regarding Mayor Rodriguez's SOFI. (*Id.* at 60.) "[F]acts [that are] effectively stipulated to are controlling and conclusive." *Kostecky v. Mattern*, 452 A.2d 100, 104 (Pa. Cmwlth. 1982). Thus, there was no need for sworn testimony from either Mayor Rodriguez or Ms. Oliveri where the parties had stipulated to the relevant facts.[12]

With regard to Mayor Rodriguez's testimony, Objectors did not request to have him testify regarding the filing of his SOFI. Thus, the trial court did not deny Objectors the ability to present his testimony on this issue. Even if it had, we would agree with the trial court that this testimony would not have been relevant to the date Candidate's SOFIs were filed. The admission or exclusion of evidence is "within the sound discretion of the trial court and may be reversed only where there is a clear abuse of discretion." *Harsh v. Petroll*, 840 A.2d 404, 429-30 (Pa. Cmwlth. 2003). "The fundamental consideration in reviewing the trial court's decision regarding the

---

[12] It is unclear whether Objectors moved for the admission of the Board's letter or Mayor Rodriguez's SOFI into the record. However, the facts relevant to the trial court's inquiry had already been stipulated to and, therefore, it is of no moment that the documents themselves are not a part of the record.

12

admission of evidence is its relevance." *Id.* at 430. "Evidence is relevant if: it (a) has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Pennsylvania Rule of Evidence 401, Pa. R.E. 401. "Evidence that is not relevant is not admissible." Pennsylvania Rule of Evidence 402, Pa. R.E. 402. Objectors have not explained why testimony by Mayor Rodriguez "validat[ing] the timely filing of his [SOFI]," (Hr'g Tr. at 62), makes the existence of when Candidate filed his SOFIs "more or less probable than it would be without the evidence," Pa. R.E. 401. Therefore, the trial court did not abuse of discretion.[13]

Objectors last argue the trial court abused its discretion by depriving them of the opportunity to provide a closing statement. The ability to make opening and closing arguments "is part of the constitutional right to representation by an attorney in civil cases, and no court may deny a party's counsel the right to argue its case before a jury." *Daddona v. Thind*, 891 A.2d 786, 798 (Pa. Cmwlth. 2006). There is no abuse of discretion where a trial court "'familiar with the law governing the case, conclude[s] that he had heard sufficient argument on the facts during the course of the hearing and any further argument would only be repetitious,'" and the appellate court "'will not interfere'" with the trial court's judgment that "he had heard enough." *Fed. Land Bank of Balt. v. Fetner*, 410 A.2d 344, 349 (Pa. Super. 1979)

---

[13] The trial court did deny Objectors' request that Mayor Rodriguez be allowed to testify regarding the time the Prothonotary's Office closed on July 17, 2017, but it did not abuse its discretion in doing so. A "trial court may exclude evidence which is merely cumulative of other evidence." *Commonwealth v. Smith*, 694 A.2d 1086, 1091 (Pa. 1997). When the trial court denied Objectors' request, three other witnesses, including both Objectors, had testified that the Prothonotary's Office had closed at 4:00 p.m. on July 17, 2017. Thus, Mayor Rodriguez's testimony would have been cumulative in that it was "[a]dditional evidence that supports a fact established by the existing evidence (esp. that which does not need further support)," *Black's Law Dictionary* 636 (9th ed. 2009), and was properly excluded as such, *Smith*, 694 A.2d at 1091.

(quoting *Commonwealth ex rel. Friedman v. Friedman*, 297 A.2d 158, (Pa. Super. 1972)).

Here, the trial court held a hearing that lasted over an hour and allowed Objectors the opportunity to present evidence and argument regarding their position on the relevant law and facts. The trial court was well aware of Objectors' positions and had decided that "[s]he had heard enough" and closing arguments were not necessary. (October 16, 2017 Op. at 4.) Our review of the record reveals no abuse of discretion or violation of due process because Objectors had made their position regarding the lack of *prima facie* evidence of when Candidate filed his SOFIs with the Borough, in the form of a date stamp on Candidate's SOFIs, clear throughout the hearing, including one last time after the trial court stated there would be no closing statements. (Hr'g Tr. at 66.) Therefore, we "will not interfere" with the trial court's judgment on this issue. *Fed. Land Bank*, 410 A.2d at 349.

In addition to its arguments on the merits, the Board and Candidate request an award of attorney's fees pursuant to Section 2503(6)-(9) of the Judicial Code,[14] 42

---

[14] Section 2503 provides, in pertinent part:

The following participants shall be entitled to a reasonable counsel fee as part of the taxable costs of the matter:

. . . .

(6) Any participant who is awarded counsel fees as a sanction against another participant for violation of any general rule which expressly prescribes the award of counsel fees as a sanction for dilatory, obdurate or vexatious conduct during the pendency of any matter.

(7) Any participant who is awarded counsel fees as a sanction against another participant for dilatory, obdurate or vexatious conduct during the pendency of a matter.

(8) Any participant who is awarded counsel fees out of a fund within the jurisdiction of the court pursuant to any general rule relating to an award of counsel fees from a fund within the jurisdiction of the court.

14

Pa. C.S. § 2503(6)-(9), and Rule 2744 of the Pennsylvania Rules of Appellate Procedure,[15] Pa. R.A.P. 2744. They argue, *inter alia*, that Objectors have engaged in "dilatory, obdurate or vexatious conduct" by: relentlessly pursuing a claim that is without legal merit; not directly serving the Board's and Candidate's counsel, who participated below, with, among other things, their notice of appeal; and filing an "arbitrary and vexatious" appeal. (Board's Br. at 10-11.) The Board and Candidate note that Objectors continued to argue that Candidate's SOFIs were not timely despite their own witnesses' testimony that Candidate's SOFIs were timely filed. They maintain that the remaining issues Objectors raised are similarly without merit and, therefore, they should be awarded attorney's fees.

"The relentless pursuit of a claim which plainly lacks legal merit warrants an award of counsel fees." *Miller v. Nelson*, 768 A.2d 858, 862 (Pa. Super. 2001) (citations omitted). "A suit is vexatious if brought without legal or factual grounds

---

(9) Any participant who is awarded counsel fees because the conduct of another party in commencing the matter or otherwise was arbitrary, vexatious or in bad faith.

42 Pa. C.S. § 2503(6)-(9).

[15] Rule 2744 authorizes the following:

In addition to other costs allowable by general rule or Act of Assembly, an appellate court may award as further costs damages as may be just, including

(1) a reasonable counsel fee and
(2) damages for delay at the rate of 6% per annum in addition to legal interest,

if it determines that an appeal is frivolous or taken solely for delay or that the conduct of the participant against whom costs are to be imposed is dilatory, obdurate or vexatious. The appellate court may remand the case to the trial court to determine the amount of damages authorized by this rule.

Pa. R.A.P. 2744.

and if the action served the sole purpose of causing annoyance." *Id.* A frivolous appeal is one lacking in any reasonable basis in law or fact. *Kachurak v. Dep't of Transp., Bureau of Driver Licensing*, 913 A.2d 982, 986 (Pa. Cmwlth. 2006). The imposition of counsel fees on the ground that an appeal is frivolous is discretionary, and "[i]n exercising its discretion, this Court is mindful of the need to avoid unjustly penalizing an appellant for exercising [his or] her right to fully exhaust [his or] her legal remedies. *Canal Side Care Manor, LLC v. Pa. Human Relations Comm'n*, 30 A.3d 568, 579 (Pa. Cmwlth. 2011).

There was a factual question about when Candidate's SOFIs were filed at the time Objectors began this litigation. Although we ultimately affirm the trial court's finding regarding the date Candidate filed his SOFIs based on credited witness testimony, we note that a date stamp is a more efficient and effective means of recording the date a document is filed. Had the Borough utilized a date stamp on the SOFI's filed with it, this question would not have required testimony to resolve. Accordingly, Objectors' appeal and actions do not meet the standard that would warrant the award of attorney's fees.

For the foregoing reasons, the trial court's Order is affirmed, Candidate's Motion For Extension of Time to Join Brief and Motion to Join the Board's Brief are granted, and the Board's Request for Attorney's Fees and Candidate's Motion for Counsel Fees are denied.

_____
**RENÉE COHN JUBELIRER,** Judge

16

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

In Re: The Nomination Papers of : 
David Amato as Candidate for : 
Member of Council Borough of : 
West Reading : 
 : 
Appeal of: Oswald Herbert and : No. 1406 C.D. 2017
Suzanne Thompson : 

# **O R D E R**

**NOW**, October 23, 2017, the Order of the Court of Common Pleas of Berks County docketed September 25, 2017, is **AFFIRMED**, and the name of David Amato shall remain on the ballot in the General Election of November 7, 2017. Additionally, David Amato's (Candidate) Motion For Extension of Time to Join Brief and Motion to Join the Berks County Board of Elections' (Board) Brief are **GRANTED**, and the Board's Request for Attorney's Fees and Candidate's Motion for Counsel Fees are **DENIED**.

  _____
  **RENÉE COHN JUBELIRER,** Judge